UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-14053-CR-MARRA (MARTINEZ)/MAYNARD

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CARL LAWRENCE COBB,

    Defendant.
_____/

### REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO SUPPRESS [D.E.19]

**THIS CAUSE** having come on to be heard upon the aforementioned Motion and this Court having reviewed the Motion, the Government's Response, the transcript, and the entire court file, recommends to the District Court as follows:

1. Defendant CARL LAWRENCE COBB is charged with two counts of transportation of sea turtle eggs in violation of the Lacey Act, 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B), and two counts of taking sea turtle eggs in violation of the Endangered Species Act, 16 U.S.C. §§ 1538(a)(1)(G) and 1540(b)(1), based on circumstances arising on May 5, 2017 and May 24, 2017. By the instant Motion [D.E. 19], Defendant moves to suppress statements he made when interrogated by law enforcement on May 24th. The Motion argues that Defendant invoked his right to remain silent about fifteen minutes into the interview in the following manner:

    Q. So three weeks ago …

    A. I'm done with you, sir. I'm --

Q. Three weeks ago …

A. I'm sorry. Sir, I'm done with it. You know, whatever ya'll got to do …

Q. All right. I'm just gonna run through a few things with you real fast.

A. I'm done with it. I'm saying I don't want to say nothing else because I don't want to say the wrong thing or whatever. Like you say, you know, whatever I say can be used against me. I told you whatever I told you. I'm done.

Q. But I mean now is your time to go ahead and …

A. Sir, I done told you. I told you.

Q. I know, but let me just explain something to you, okay? Now is your time to tell the truth. Okay?

A. I'm telling you the truth.

Q. Okay, just let me speak for a second…

[D.E. 19, Attachment A, 5/24/2017 Transcript, pg. 21, lines 4-20]. Law enforcement continued questioning Defendant Cobb, despite Cobb having expressed his desire to stop talking to law enforcement.

2. In its Response [D.E. 21], the Government agrees that Defendant invoked his right to remain silent during the conversation described above, and concedes that any statements made by Defendant after this invocation of rights should be suppressed. Since both parties agree on this issue, this Court recommends that the portion of the interview after page 21, line 4 of the transcript should be suppressed.

3. The only remaining issue relates to the admissibility of statements made prior to Defendant's invocation of his right to remain silent. Defendant's Motion is somewhat unclear as to its request regarding the first fifteen minutes of the interview. The first paragraph of the Motion asks that "all evidence and statements" of the Defendant be suppressed as fruit of the

poisonous tree [D.E. 19 at 1], but the argument section of the Motion asks specifically for suppression of the "last portion of the taped statement of the Defendant" [D.E. 19 at 4]. This Court recommends suppression of the last portion of the statement, which was made after Defendant invoked his right to remain silent. *See Christopher v. State of Florida*, 824 F.2d 836 (11th Cir. 1987) (suppressing all statements made after the defendant first indicated his wish to remain silent). It is further recommended that the first part of the statement, made prior to Defendant's invocation of his rights, be deemed admissible.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's Motion to Suppress Illegally Obtained Evidence [D.E. 19] be granted insofar as it seeks to suppress Defendant's statements after page 21, line 4 of the interview transcript.

This Court is aware that there is an upcoming trial in this case. Since the Motion is essentially unopposed, this Court will shorten the objection period within which the parties may file objections to this Report and Recommendation with the District Court. The parties shall have **five (5) calendar days** from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, the United States District Judge assigned to this case. Pursuant to Federal Rules of Criminal Procedure Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 21st day of September, 2017.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
SAUSA Ryan Butler
Brian Mallonee, Esq.